# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| VINAY B. PANCHAL, *et al.*, | § § § | |
| Plaintiffs, | § § | |
| VS. | § § | CIVIL ACTION NO. H-14-0082 |
| PNC BANK, NATIONAL ASSOCIATION, | § § § | |
| Defendant. | § | |

## MEMORANDUM AND OPINION

In 2005, Vinay and Mitra Panchal defaulted on the home-mortgage loans they obtained in 2003 and 2004. PNC Bank, National Association ("PNC"), the successor by merger to the lender on the larger loan, obtained judicial authorization to foreclose on the home. The Panchals sued to stop the foreclosure, arguing that the loan violated the Texas Constitution. PNC removed and moved to dismiss based on the statute of limitations. (Docket Entry Nos. 1, 15). The Panchals responded. (Docket Entry No. 19). Based on the pleadings, the motion and response, and the applicable law, the court grants PNC's motion to dismiss and enters final judgment by separate order. The reasons are explained below.

## I. Background

The Panchals obtained a mortgage loan from JP Morgan Chase for $32,500 in September 2003. (Docket Entry No. 1, Ex. A). In September 2004, the Panchals obtained a mortgage loan from National City Mortgage for $193,500. (*Id.*). PNC is the successor by merger to National City Mortgage. (Docket Entry No. 15). The Panchals defaulted on both loans after filing for bankruptcy in 2005. (Docket Entry No. 1, Ex. A).

1

PNC filed an application in state court seeking permission to foreclose on the home on June 10, 2011. (Docket Entry No. 15). In response, on September 12, 2011, the Panchals sued PNC in state court, alleging violations of the Federal Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (Docket Entry No. 1, Ex. B). PNC removed and moved to dismiss. The federal court dismissed the Panchals' claims in May 2012. (Docket Entry No. 1, Ex. A; Docket Entry No. 15). In March 2013, PNC filed another application in state court seeking permission to foreclose. The state court granted the application in May 2013, and PNC scheduled the foreclosure sale to occur on December 2, 2013. (Docket Entry No. 15).

On that date, the Panchals again sued PNC in state court. They alleged that the mortgage loan they took out in September 2004 violated the Texas Constitution and sought a declaratory judgment and forfeiture of the loan principal and accrued interest, as well as their attorneys' fees. (Docket Entry No. 1, Ex. A). PNC timely removed based on diversity jurisdiction and moved to dismiss the Panchals' claims as barred by the statute of limitations. (Docket Entry Nos. 1, 15).

## II.     The Legal Standard

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).

To withstand a Rule 12(b)(6) motion, a "complaint must allege 'more than labels and conclusions,'" and "'a formulaic recitation of the elements of a cause of action will not do.'" *Norris v. Hearst Trust*, 500 F.3d 454, 464 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 557). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief-including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (footnote omitted) (quoting *Twombly*, 550 U.S. at 555). "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Id.* (quoting *Twombly*, 550 U.S. at 558).

When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff a chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice, unless it is clear that to do so would be futile. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or

unable to amend in a manner that will avoid dismissal."). However, a plaintiff should be denied leave to amend a complaint if the court determines that "the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face." 6 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1487 (2d ed. 1990); *see also Ayers v. Johnson*, 247 F. App'x 534, 535 (5th Cir. 2007) ("'[A] district court acts within its discretion when dismissing a motion to amend that is frivolous or futile.'" (quoting *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. of Am. Co.*, 195 F.3d 765, 771 (5th Cir. 1999))).

## III. Analysis

The Panchals allege that the lien on their home is void because it was created in violation of Article XVI, § 50(a)(6)(B) and (K) of the Texas Constitution. These claims are subject to a four-year statute of limitations under § 16.051 of the Texas Civil Practice and Remedies Code. *See Priester v. JP Morgan Chase Bank, N.A.*, 708 F.3d 667, 674 (5th Cir. 2013) (holding that the four-year statute of limitations applies to claims of "constitutional infirmities under Section 50(a)(6)"). The claims in *Priester* were brought under § 50(a)(6)(M) and (N). Courts since *Priester* have held that "*Priester*'s holding applies to § 50(a)(6) in its entirety." *Prutzman v. Wells Fargo Bank, N.A.*, No. 12-cv-3565, 2013 WL 4063309, at *3 (S.D. Tex. Aug. 12, 2013); *see also Moran v. Ocwen Loan Servicing, L.L.C.*, No. 13-20242, 2014 WL 1193510, at **1–3 (5th Cir. Mar. 24, 2014); *Wiltse v. Carrington Mortg. Servs.*, L.L.C., 540 F. App'x 342, 342–43 (5th Cir. Sept. 20, 2013); *Ausmus v. Deutsche Bank Trust Co Nat. Ass'n*, No. 13-cv-148, 2013 WL 3938515, at *2 n. 3 (S.D. Tex. July 29, 2013). *Priester* applies to the Panchals' claims in this case.

*Priester* held that the limitations period begins to run on the date of the injury. For § 50(a)(6) violations, that is the date the loan closed. *Priester*, 708 F.3d at 675–76. The loan at issue

4

closed on September 30, 2004. (Docket Entry No. 15). The Panchals did not file this lawsuit until December 2, 2013, more than nine years later. Limitations bars the claims.

**IV.     Conclusion**

The Panchals' claims are dismissed, with prejudice. Final judgment is entered by separate order.

SIGNED on December 3, 2014, at Houston, Texas.

                                                      Lee H. Rosenthal
                                               United States District Judge